IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00437-REB-CBS

ACT FOR HEALTH, INC., d/b/a PROFESSIONAL CASE MANAGEMENT, a Colorado corporation,

    Plaintiff,

v.

LINDA BRIDGMON, an individual,
ROGER HANDS, an individual, and
RACHEL STRAND, an individual,

    Defendants.

## ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is **Defendants' Motion for Summary Judgment, With Authorities** [# 62], filed January 25, 2008. I grant the motion in part and deny it in part.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586,

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999).

### III. ANALYSIS

Plaintiff provides in-home healthcare services to seriously ill patients, including those eligible for services under the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA").[1] By virtue of its participation in the

---

[1] The EEOICPA provides compensation and medical care to former employees of federal weapons sites.

EEOICPA program, plaintiff locates eligible patients and helps them obtain benefits and services under the EEOICPA. As part of those efforts, plaintiff recruits qualified healthcare providers to provide in-home healthcare services to eligible participants.

Defendants are nurses whom plaintiff contracted to provide such in-home healthcare to a EEOICPA-eligible participant in Salem, Oregon. Each defendant entered into a Confidentiality and Non-Solicitation Agreement with plaintiff in February, 2005, wherein he or she expressly agreed that,

> upon termination of employment with the Company, Employee will not for a period of one (1) year thereafter, except as may be expressly authorized by the Company in writing: (1) provide or attempt to provide, either directly or indirectly, or advise others of the opportunity to provide, any home health care services to any Company patient-client or any Company patient-client prospect to whom the Employee, within twelve (12) months prior to such termination of Employee's employment with the Company, has provided home health care services to or about which Employee has received information through the Company . . . Employee and the Company acknowledge and agree that the provisions of this Paragraph are intended to further protect the Company's Confidential Information, and are justified, in part, by Employee's status as professional staff to the Company's executive and management personnel.

(Plf. Resp. App., Exh. 1 at 2 ¶ 4.) Defendants began caring for the patient in June, 2006.

In November, 2006, plaintiff notified the patient that it would cease providing medical care for him effective December 2, 2006. On December 1, plaintiff notified defendants that their employment was "on hold" and that patient visits were to cease as of December 2. In early January, 2007, the patient notified plaintiff that he was

terminating his contract with plaintiff effective January 22, 2007. The patient thereafter engaged Critical Nursing Staffing ("CNS") to provide his in-home healthcare services. It appears that the patient and defendants mutually agreed that defendants should continue to care for the patient. Defendants, therefore, contacted and eventually contracted with CNS.

Plaintiff's First Amended Complaint alleges causes of action for breach of contract, misappropriation of trade secrets, breach of the duty of loyalty, and unfair competition. In response to defendants' motion for summary judgment, plaintiff has withdrawn its claim for unfair competition. Therefore, the motion will be granted with respect to that claim. With respect to the remaining claims, however, having reviewed the arguments, authorities, and evidence presented, I perceive one or more genuine issues of material fact that preclude summary resolution.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion for Summary Judgment, With Authorities** [# 62], filed January 25, 2008, is **GRANTED IN PART** and **DENIED IN PART**:

    a. That the motion is **GRANTED** as to plaintiff's Fourth Claim for Relief for unfair competition, as set forth in the **First Amended Complaint** [#26], filed June 6, 2007, and that claim is **DISMISSED WITH PREJUDICE**; and

    b. That in all other respects, the motion is **DENIED**.

Dated April 11, 2008, at Denver, Colorado.

                                      **BY THE COURT:**

                                      **s/ Robert E. Blackburn**

**Robert E. Blackburn**
**United States District Judge**